**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: ARMANDO AMAYA, III　　　　　　　　　　CASE NO. 22-11535
　　　　JENNIFER ORREGO AMAYA　　　　　　　　CHAPTER 13

**MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO THE PROPERTY LOCATED AT 1833 WEDGWOOD DR, HARVEY, LA 70058**

The motion of NATIONSTAR MORTGAGE LLC ("Mover"), a secured creditor, respectfully represents:

1.

The Debtors in the above entitled and numbered case filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on December 12, 2022.

2.

This Honorable Court has jurisdiction over this matter pursuant to the provisions of inter alia 11 U.S.C. 362 and 28 U.S.C. 157 and 1334.

3.

Mover is the entity entitled to enforce a note in the original principal amount of $368,588.00, dated October 2, 2020, executed by Jennifer Orrego Amaya and Armando Amaya III, and secured by a mortgage, recorded at Instrument No. 12049845, Book 4899, Page 208, in the records of Jefferson Parish, Louisiana, affecting the following described property located in Harvey, Louisiana:

ONE CERTAIN LOT OF GROUND, together with all of the buildings and improvements thereon and all the rights, ways, privileges, servitude, appurtenances and advantages thereunto belonging or in anywise appertaining and being in the PARISH OF JEFFERSON, STATE OF LOUISIANA, in that part thereof known as BARKLEY ESTATES, in accordance with the plan of resubdivision by J. J. Krebs & Sons, Inc., Engineers, Planners & Surveyors, dated at Metairie, Louisiana, June 8, 1993, registered under Entry No. 9344182, in COB 2877, folio 857, of the Conveyance Records of the Parish of Jefferson, State of Louisiana; and also in accordance with plan of survey of Dufrene Surveying & Engineering, Inc., dated at Harvey, Louisiana, June 14, 1996 and according to said plans, said lot is designated as LOT 20 of SQUARE FOUR (4), which said square is bounded by Hardwick Place, Squirewood Drive West, Turnberry Lane, Wedgewood Drive, and Cavendish Place; and according to said plans, said Lot 20 measures 90.60 feet front on Wedgewood Drive, with a width in the rear of 75.06 feet, by a depth on the sideline adjoining Lot 19 of 120.00 feet, and by a depth on the sideline adjoining Lot 21 of 120 feet.

bearing the municipal address of 1833 Wedgwood Dr, Harvey, Louisiana 70058.

4.

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

5.

By virtue of this mortgage on the property described above, Mover is the holder of a secured claim against the Debtors for all the amounts of principal, interest and all other advances provided by the mortgage and applicable law including attorney's fees and costs.

6.

The Debtors' original Chapter 13 Plan was filed with this Honorable Court on December 12, 2022, and a First Amended Chapter 13 Plan was filed with this Honorable Court on February 27, 2023, the Order signed by this Honorable Court confirming the Debtors' Plan, as modified, dated March 14, 2023.

7.

Pursuant to the confirmed Chapter 13 Plan, the Debtors are to pay to Mover directly the regular monthly mortgage payments.

8.

The Debtors have defaulted on the Chapter 13 plan which was confirmed on March 14, 2023, by failing to pay the monthly payments when due. The Debtors filed bankruptcy on December 12, 2022 making the first post-petition payment due on January 1, 2023. Creditor should have received six (6) payments through the date of this affidavit; however, Creditor has received sufficient funds to apply four (4) payments. The Debtors are delinquent on post-petition payments for the months of May 1, 2023 through date on the direct monthly mortgage payments of $2,541.41 each, for a total amount of $5,082.82.

9.

The value of the collateral which Creditor stipulates for purposes of this motion only, is $430,000.00. See attached hereto a copy of Debtors' Schedule A.

10.

The post-petition delinquency of the Debtors' account represents a material default under the terms of the confirmed Chapter 13 Plans, as amended, constituting cause, and providing a basis for relief from the automatic stay pursuant to the provisions of 11 U.S.C.A. § 362 (d) (1) of the United States Bankruptcy Code.

11.

The Creditor has attached hereto a copy of an affidavit establishing the debt owed, as well as a post-petition payment history.

13.

Mover is not adequately protected as to its interest in the property. The property is not necessary for an effective reorganization. Thus, this Court should terminate the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1).

14.

For the foregoing reasons, Mover requests that the automatic stay in this case be lifted insofar as the property described in Paragraph (3) hereof is affected thereby.

WHEREFORE, MOVER PRAYS that after all delays have elapsed and proceedings are had, this Honorable Court enter an order terminating the automatic stay provided for by 11 U.S.C. 362(a) as to the estate of the Debtors so to allow Mover to enforce any and all rights it has in respect to the property described in Paragraph (3) herein via state court foreclosure proceedings or otherwise.

MOVER FURTHER PRAYS:

(I) that the automatic stay in this case be lifted insofar as the property described in Paragraph (3) hereof is affected thereby;

(II) that it be relieved from the provisions of Bankruptcy Rule 3002.1(b) and (c) requiring Creditor to supplement its proof of claim with notices regarding future payment changes and post-petition fees and costs;

(III) that any order of relief entered directs the Trustee to not make any further payments on the secured claim after entry of the order;

(IV) that the right to file an amended unsecured claim for any deficiency is reserved;

(V) that it be permitted to contact Debtors and/or Debtors' Counsel for the purpose of engaging in discussions and consideration of loss mitigation options, solutions and/or resolutions including, but not limited to, a sale of the subject property by the Debtors if agreed to by Movant for payment less than an amount necessary for full payoff of the residential mortgage loan account, deed in lieu of foreclosure, loan modification or other loss mitigation alternatives.

DEAN MORRIS, L.L.C.
1820 Avenue of America
P. O. Box 15270
Monroe, LA 71207-5270
(318) 388-1440

/S/ Elizabeth Crowell Price
ATTORNEY FOR CREDITOR